## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**,

                Movant,

v.

**R.J. REYNOLDS VAPOR COMPANY**,

                Respondent.

Case No. 25 Misc. _____

## <u>MEMORANDUM OF LAW IN SUPPORT OF</u>
## <u>MOTION TO QUASH SUBPOENA DIRECTED TO</u>
## <u>NON-PARTY PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP</u>

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................... 2

LEGAL STANDARD ........................................................................................................... 5

ARGUMENT ........................................................................................................................ 6

    I.     The Subpoena Must Be Quashed Because It Seeks Attorney-Client Privileged
          Materials and Work Product from Altria's Outside Law Firms ......................... 6

    II.    The Subpoena Also Imposes Undue Burdens on Non-Party Law Firms and
          Seeks Documents Already Requested from Altria and JUUL ........................... 9

    III.   The Court Should Award Reasonable Attorneys' Fees and Expenses Incurred
          in Responding to the Subpoena ....................................................................... 13

CONCLUSION .................................................................................................................. 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Altria Client Servs. LLC v. R.J. Reynolds Vapor Co.*,
   2024 WL 5165456 (Fed. Cir. Dec. 19, 2024) ............................................................... 2

*Altria Client Servs. LLC v. R.J. Reynolds Vapor Co.*,
   No. 1:20-cv-00472-NCT-JLW (M.D.N.C.) ................................................................. 2

*Am. Int'l Life Assur. Co. of New York v. Vazquez*,
   2003 WL 548736 (S.D.N.Y. Feb. 25, 2003) ......................................................... 7, 9, 14

*Arista Recs. LLC v. Lime Grp. LLC*,
   2011 WL 781198 (S.D.N.Y. Mar. 4, 2011) ................................................................. 12

*Breaking Media, Inc. v. Jowers*,
   2021 WL 1299108 (S.D.N.Y. Apr. 7, 2021) ............................................................ 6, 14

*Carvel v. Franchise Store Realty Corp.*,
   2011 WL 13269748 (S.D.N.Y. June 15, 2011) ........................................................... 10

*City of Almaty v. Ablyazov*,
   2019 WL 2865102 (S.D.N.Y. July 3, 2019) ................................................................. 8

*Concord Boat Corp. v. Brunswick Corp.*,
   169 F.R.D. 44 (S.D.N.Y. 1996) ................................................................................ 10

*Cusumano v. Microsoft Corp.*,
   162 F.3d 708 (1st Cir. 1998) ..................................................................................... 6

*Est. of Ungar v. Palestinian Auth.*,
   400 F. Supp. 2d 541 (S.D.N.Y. 2005) .................................................................... 6, 11

*Han v. InterExchange, Inc.*,
   2025 WL 1419527 (S.D.N.Y. May 16, 2025) ............................................................... 8

*Hickman v. Taylor*,
   329 U.S. 495 (1947) .......................................................................................... 6, 7, 9

*Night Hawk Ltd. v. Briarpatch Ltd.*,
   2003 WL 23018833 (S.D.N.Y Dec. 23, 2003) ....................................................... 10, 14

*In re Subpoena Issued to Dennis Friedman*,
  350 F.3d 65 (2d Cir. 2003) ................................................................................ 1, 11

*In re Subpoena to Loeb & Loeb LLP*,
  2019 WL 2428704 (S.D.N.Y. June 11, 2019) ............................................................ 10

*U.S. Bank Nat'l Ass'n v. PHL Variable Ins. Co.*,
  2012 WL 5395249 (S.D.N.Y. Nov. 5, 2012) ............................................................ 10

**Statutes**

28 U.S.C. § 1927 ................................................................................................ 14

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure and the local rules of this Court, non-party Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss"), by and through undersigned counsel, respectfully moves this Court to quash a subpoena served upon it by R.J. Reynolds ("Reynolds") on August 15, 2025.

## INTRODUCTION

Reynolds has served identical subpoenas on Paul, Weiss and Weil, Gotshal & Manges LLP ("Weil") in their capacity as outside counsel to Altria Client Services LLC ("Altria") in a post-judgment proceeding pending between Reynolds and Altria in the Middle District of North Carolina.  On their face, the subpoenas seek disclosure of attorney-client privileged communications and attorney work product, and thus should be quashed on that basis alone under Fed. R. Civ. P. 45.  The subpoenas are also independently improper because they unduly burden two non-party law firms with requests for discovery that is equally available—and has already been requested—from Altria, Reynolds itself, and non-party JUUL Labs, Inc. ("JUUL").

Under controlling precedent, non-party subpoenas must be narrowly drawn and cannot intrude upon the protections of privilege or impose unreasonable costs of compliance. This is particularly true where "lawyers themselves [are] the subject of discovery requests." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 70 (2d Cir. 2003) (citing *Hickman v. Taylor*, 329 U.S. 495, 506-14 (1947)).  Courts have thus "resisted the idea that lawyers should routinely be subject to broad discovery." *Id.*  The subpoena that Reynolds served on Paul, Weiss (like the subpoena served on Weil) violates these core

1

principles several times over.  It would invade the attorney-client privilege and work-product doctrine, and impose substantial burdens on outside law firms to search for and produce discovery that is readily obtainable from the parties to the litigation, other entities, and even publicly available sources.  Because the subpoena is improper under Federal Rules of Civil Procedure 45 and 26, and binding Second Circuit precedent, it should be quashed in its entirety.[1]

## **BACKGROUND**

This motion arises from a post-judgment proceeding in a patent infringement suit between Altria and Reynolds in the Middle District of North Carolina.  Nearly three years ago, after a seven-day trial in Greensboro, a jury unanimously found that Reynolds' VUSE Alto e-vapor product infringes various Altria patents and awarded Altria more than $95 million in damages.  *See Altria Client Servs. LLC v. R.J. Reynolds Vapor Co.*, No. 1:20-cv-00472-NCT-JLW (M.D.N.C.), Dkt. 470, 473.  The district court upheld the verdict against Reynolds' post-trial challenges and further ordered Reynolds to "pay an ongoing royalty of 5.25% of positive net sales of the VUSE Alto for the life of the [infringed patents]."  Dkt. 579 at 21; *see also* Dkt. 575.  The judgment has been affirmed in its entirety on appeal.  *Altria Client Servs. LLC v. R.J. Reynolds Vapor Co.*, 2024 WL 5165456 (Fed. Cir. Dec. 19, 2024), *cert. pending*, *R.J. Reynolds Vapor Co., Petitioner v. Altria Client Servs. LLC,* No. 25-158 (U.S.).

---

[1] Weil has concurrently moved to quash the identical subpoena served on that firm.

Long after judgment was entered on the jury verdict, on July 3, 2024, Reynolds filed a motion under Fed. R. Civ. P. 60(b), seeking to vacate the judgment and the associated awards of damages and ongoing royalties on the ground that Reynolds had purportedly secured a sublicense to practice the infringed Altria patents from non-party JUUL. Dkt. 611 at 1. The district court indicated that the motion would be denied with respect to past infringement and the award of damages. Dkt. 655 at 42. The Court further indicated that the ongoing royalty award presented a substantial issue that raised unresolved factual disputes, and set the issue for an evidentiary hearing to take place between February 23 and March 6, 2026. Dkt. 655 at 43; Dkt. 662.

In preparation for the evidentiary hearing, the parties have been exchanging discovery requests and responses pursuant to a schedule approved by the district court. Dkt. 662. Reynolds has served Requests for Production, Requests for Admission, and Interrogatories on Altria (and *vice versa*). Reynolds' requests seek documents and information relating to Altria's former business relationship with JUUL, the negotiations and entry into an intellectual property license agreement between Altria and JUUL ("the Altria-JUUL Agreement"), valuations of the infringed Altria patents, the scope of the sublicense provision in the Altria-JUUL Agreement, and a Common Interest Agreement between Altria and JUUL memorializing their common legal interest in certain litigation. Altria has timely provided its written responses and is in the process of preparing documents for production to Reynolds.

Both Reynolds and Altria have also served discovery on non-party JUUL, seeking documents relating to the Common Interest Agreement between Altria and JUUL,

communications between the two companies, the Altria-JUUL Agreement, and JUUL's right and/or ability to sublicense Altria's patents. JUUL has provided written responses and has indicated that it will produce documents.

The discovery responses served to date—by both Altria and JUUL—indicate that some of the documents requested by Reynolds are publicly available in a document repository established in connection with other litigations involving the tobacco industry. *See e.g.,* Altria JUUL Labs Common Interest Agreement, Truth Tobacco Industry Documents, https://www.industrydocuments.ucsf.edu/tobacco/docs/#id=mqnk0291 (last accessed August 29, 2025); *see also id.* at https://www.industrydocuments.ucsf.edu/tobacco/docs/#id=rrkf0369 (last accessed August 29, 2025).

On August 15, 2025—the deadline to serve written discovery requests under the Court's scheduling order—Reynolds served two identical subpoenas on the law firms representing Altria in the Rule 60 proceeding: Weil and Paul, Weiss. These subpoenas seek documents related to Altria's communications with JUUL, Altria's entry into the Altria-JUUL Agreement, JUUL's right and/or ability to sublicense Altria's patents, and Altria's entry into the Common Interest Agreement. *See* Exs. A & B. The subpoenas thus purport to seek production of documents protected by attorney-client privilege and the work product doctrine, as well as documents already requested from Altria and non-party JUUL.

On August 22, 2025, Weil and Paul, Weiss sent Reynolds' counsel a joint letter asking Reynolds to withdraw the subpoenas because they request privileged documents,

are duplicative of the requests served on Altria and JUUL, and would unduly burden both law firms. *See* Ex. C. Reynolds responded on August 25, 2025, stating that its discovery is proper and it would not withdraw the subpoenas. *See* Ex. D. Weil and Paul, Weiss also met-and-conferred with Reynolds' counsel on August 27 in an effort to avoid motion practice. The firms reiterated that the subpoenas seek privileged materials and would impose an undue burden given the requests seek cumulative materials Reynolds has already sought from Altria and JUUL. Reynolds was unable to explain why the documents they are seeking are not cumulative or protected by privilege, but confirmed it would not withdraw either of the subpoenas. *See* Ex. E. Accordingly, Paul, Weiss now moves this Court to quash the subpoena in its entirety.

## <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 45(d)(3)(A) provides, in relevant part, that a court "*must* quash or modify a subpoena that: … requires disclosure of privileged or other protected matters, if no exception or waiver applies" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv) (emphasis added). In addition, under Rule 26, courts must limit discovery that is unreasonably duplicative, that can be obtained from a more convenient or less burdensome source, and/or if the burden of producing it outweighs its likely benefit. *Id.* (citing Fed. R. Civ. P. 26(b)(2)(C)).

Courts have long given "special weight to the burden on non-parties of producing documents to parties in litigation." *Breaking Media, Inc. v. Jowers*, 2021 WL 1299108, at *6 (S.D.N.Y. Apr. 7, 2021); *see also Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) (holding that "concern for the unwanted burden [of producing documents] thrust

upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs."). And these concerns are particularly heightened where third-party subpoenas target attorneys and law firms, rather than the parties themselves. *See Est. of Ungar*, 400 F. Supp. 2d at 554 (Where a non-party subpoena to a law firm calls for an "excessive number of documents" with an "unlikelihood of obtaining relevant information," coupled with "the existence of attorney-client privilege for all documents," the court should quash the subpoena.); *see also Hickman v. Taylor*, 329 U.S. 495, 506-14 (1947) ("[T]he general policy against invading the privacy of an attorney's course of preparation is so well recognized and so essential to an orderly working of our system of legal procedure that a burden rests on the one who would invade that privacy to establish adequate reasons to justify production through a subpoena or court order.").

## **ARGUMENT**

### I.    **The Subpoena Must Be Quashed Because It Seeks Attorney-Client Privileged Materials and Work Product from Altria's Outside Law Firm**

Reynolds' subpoena to Paul, Weiss should be quashed because it seeks documents and communications that are subject to the attorney-client privilege and/or the attorney work product doctrine. Under Rule 45(d)(3)(A)(iii) and longstanding Supreme Court precedent, the Court must quash these improper requests. *See Hickman*, 329 U.S. at 512; *Am. Int'l Life Assur. Co. of New York v. Vazquez*, 2003 WL 548736, at *2 (S.D.N.Y. Feb.

6

25, 2003) ("Privileged attorney-client communications … are generally not available by subpoena.").

Here, each of the five requests in the Reynolds subpoena seeks documents and communications from Altria's outside legal counsel at Paul, Weiss that are protected by the attorney-client privilege and/or work product doctrine:

- Request No. 1 seeks "[a]ll Documents, Things, and Communications relating to Altria's negotiations with JUUL concerning, and/or that resulted (directly or indirectly) in consummation of, the Altria-JUUL Agreement," and Request No. 2 similarly seeks "[a]ll Documents and Things relating to Altria's entry into the Altria-JUUL Agreement." Exs. A & B. Neither Weil nor Paul, Weiss was involved in the negotiations of the Altria-JUUL Agreement, so it is unlikely either firm possesses any documents responsive to this request. But in any event, any potentially responsive documents on these topics that are within Paul, Weiss's possession, custody, or control would be privileged communications with Altria and/or work product created in connection with the Altria-JUUL Agreement.

- Request No. 3 seeks documents and communications between Altria and JUUL relating to the infringement litigation between Altria and Reynolds. *Id.* But Altria and JUUL are parties to a Common Interest Agreement preserving privilege over their communications relating to certain litigations. In the infringement litigation, where Reynolds challenged the validity of the asserted patents, Altria as patent owner and JUUL as the patent licensee shared a common legal interest in the

patents' validity.  The communications between Altria and JUUL relating to the infringement litigation are therefore privileged.[2]

- Request No. 4 seeks information "relating to JUUL Labs' ability and/or right to sublicense the Asserted Patents to any other Person(s), including Reynolds." *Id.* Any documents that Paul, Weiss would have on this topic would be privileged communications with the firm's client, Altria, and/or protected work product.

- Request No. 5 seeks documents regarding Altria's entry into and communications regarding a Common Interest Agreement that Altria executed with JUUL to memorialize a common legal interest relating to certain litigation matters. *Id.*  On their face, these documents too are protected by privilege—attorney-client privilege for communications between Altria and its counsel, and common interest privilege for communications with JUUL on this topic.

Because each of Reynolds' requests seeks privileged materials and no exception or waiver applies, all of the requests must be quashed in their entirety.  Courts have consistently protected privileged communications, holding that they are "not available by subpoena." *Vazquez*, 2003 WL 548736, at *2.  "Indeed, regardless of how relevant the privileged information may be to a party's case, it is well established that 'the attorney-

---

[2] This would be true even without the written Common Interest Agreement, as "privilege protects communications whenever there is a common legal interest." *Han v. InterExchange, Inc.*, 2025 WL 1419527, at *2 (S.D.N.Y. May 16, 2025).  For the common-interest privilege to apply, "(1) the party who asserts the rule must share a common legal interest with the party with whom the information was shared, and (2) the statements for which protection is sought must have been designed to further that interest." *City of Almaty v. Ablyazov*, 2019 WL 2865102, at *7 (S.D.N.Y. July 3, 2019).

client privilege remains an exception that may withhold relevant information at the pre-trial or the trial stage of a criminal prosecution or civil proceeding.'" *Id.* (citing *In re Six Grand Jury Witnesses*, 979 F.2d 939, 943 (2d Cir. 1992)).

Importantly, it has been established in our federal courts since at least 1947 that a litigant seeking compulsory process of counsel to a litigant has a burden to justify such an extraordinary request. *Hickman*, 329 U.S. at 512. Reynolds, which has sophisticated counsel of its own, has actual or constructive knowledge of this fundamental rule of civil procedure. Yet it has made no effort to discharge its burden in connection with the subpoenas served on Weil and Paul, Weiss—before it served the subpoenas, in response to the letter that Weil and Paul, Weiss sent on August 22 asking Reynolds to withdraw the subpoenas, or during the parties' meet-and-confer on August 27, when Reynolds yet again could not articulate any reason to subpoena the firms. And given that the time to issue discovery under the court-ordered schedule has now expired, and any purported justification Reynolds might offer in response to this motion is an untimely post hoc rationalization, Reynolds cannot as a matter of law satisfy its burden.

## II. The Subpoena Also Imposes Undue Burdens on a Non-Party Law Firm and Seeks Documents Already Requested from Altria and JUUL

Even if any of the Requests could be construed as seeking only nonprivileged documents, they should still be quashed because Rule 45 independently protects both parties and non-parties from discovery requests that impose an undue burden. *See Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996); *see also Carvel v. Franchise Store Realty Corp.*, 2011 WL 13269748, at *5 (S.D.N.Y. June 15, 2011).

"Whether a subpoena imposes an undue burden depends upon such factors as relevance, the need of the party for the documents, the breadth of the document, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Night Hawk Ltd. V. Briarpatch Ltd.*, 2003 WL 23018833, at *8 (S.D.N.Y Dec. 23, 2003). And because "Rule 45 directs courts to minimize the burden on non-parties," *U.S. Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, 2012 WL 5395249, at *4 (S.D.N.Y. Nov. 5, 2012), where a subpoena seeks discovery from a non-party, the court may consider additional factors such as the expense or inconvenience that compliance with the subpoena would cause. *See Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996).

Here, Reynolds seeks broad discovery, unlimited by time period, into Altria's communications with JUUL, entry into the Altria-JUUL Agreement, and entry into the Common Interest Agreement. *See* Ex. A. Searching for, reviewing, and (potentially) producing documents in response to these Requests would require Paul, Weiss to divert attorneys and staff from client matters, collect and study broad categories of documents, and risk disclosure of privileged information. Courts have emphasized these burdens in limiting discovery served on law firms. *See, e.g.*, *In re Subpoena to Loeb & Loeb LLP*, 2019 WL 2428704, at *3-5 (S.D.N.Y. June 11, 2019) ("Loeb's use of its employees to undertake the search, review, and production of responsive documents unavoidably works an opportunity cost on Loeb as a functioning law firm."); *see also Est. of Ungar v. Palestinian Auth.*, 400 F. Supp. 2d 541, 554 (S.D.N.Y. 2005), aff'd, 332 F. App'x 643 (2d Cir. 2009). As the Second Circuit has put it, "[c]ourts have been especially concerned

about the burdens imposed on the adversary process when lawyers themselves have been the subject of discovery requests, and have resisted the idea that lawyers should routinely be subject to broad discovery." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d at 70 (citing *Hickman*, 329 U.S. at 506-14).

The burdens imposed here are particularly unwarranted and improper because the discovery Reynolds seeks is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C)(i). The documents Reynolds requests from Paul, Weiss (and Weil) are equally available from other parties or entities—as demonstrated by the fact that Reynolds has already served discovery on both Altria and JUUL that covers all of the Requests in the challenged subpoena. *See* Exs. F & G. In particular:

- Request Nos. 1 and 2 seek documents relating to Altria's negotiations with JUUL and its entry into the Altria-JUUL Agreement. But Reynolds already requested this information in its Requests for Production Nos. 229 and 236-237 to Altria.

- Request No. 3 seeks communications with JUUL relating to the infringement case. This is duplicative of Reynolds' Request No. 231 to Altria, which seeks communications between Altria and JUUL relating to the litigation. It is also duplicative of discovery that Reynolds served on JUUL, which seeks communications between JUUL and Altria relating to the infringement litigation.

- Request No. 4 seeks documents "relating to JUUL's ability and/or right to sublicense the Asserted Patents to any other Person(s), including Reynolds." Yet

Request Nos. 232 and 237 to Altria already seek documents relating to JUUL's ability and/or right to sublicense the relevant Altria patents.

- Request No. 5, which seeks documents related to Altria's entry into the Common Interest Agreement with JUUL, is likewise fully covered by Request No. 228 to Altria and another duplicative request to JUUL.

Reynolds has not shown that any of the documents it seeks are unavailable from Altria or JUUL.  And indeed, because Paul, Weiss (like Weil) is Altria's counsel in the underlying litigation, any non-privileged documents the firm might have would also be in Altria's possession.  This type of cumulative and duplicative discovery is plainly improper where the requesting party has "provided no specific reason why there would be any discrepancy between what Plaintiffs have already produced" and what was sought from the non-party.  *Arista Recs. LLC v. Lime Grp. LLC*, 2011 WL 781198, at *4 (S.D.N.Y. Mar. 4, 2011).  "[S]peculation that [non-parties] may have relevant documents that would be useful to [the requesting party] does not justify the significant burden that identification and production of the documents subpoenaed … would place on the non-parties."  *Id*.

Moreover, it appears that at least some of the documents sought by Reynolds' subpoenas are publicly available in a document repository.  This repository permanently houses documents produced during litigations involving US tobacco industry organizations, providing public access to all stored documents.  Included in this repository are several documents Reynolds seeks from Weil and Paul, Weiss, including the Common Interest Agreement between Altria and JUUL and communications between Altria and JUUL.  Reynolds has not even tried to explain why this source, in addition to discovery

12

requests properly served on Altria and JUUL, is insufficient to satisfy any legitimate needs for discovery.

Because the discovery Reynolds requests would impose unnecessary expense and undue burden on Paul, Weiss and Reynolds has not shown why the requested materials cannot be obtained from Altria, a party to the litigation, and JUUL, a non-party on which Reynolds has already served discovery, this Court should quash the subpoena.

It is important to recognize that the subpoenas to Weil and Paul, Weiss constitute unilateral action by Reynolds—there is no corresponding request by Altria. Altria sought discovery of Reynolds and JUUL, as is to be expected; Reynolds, in turn, sought discovery of Altria and JUUL, as is also to be expected. All of that will proceed in the ordinary course in the Middle District of North Carolina.  The only thing at issue in this Court is Reynolds' extraordinary step of also subpoenaing Altria's counsel in this ongoing litigation.  Those subpoenas should be quashed.

## III.  The Court Should Award Reasonable Attorneys' Fees and Expenses Incurred in Responding to the Subpoenas

The Court also should award reasonable attorneys' fees and expenses incurred in responding to the subpoena.  Under Fed. R. Civ. P. 45(d)(1), when a party issues a subpoena without taking "reasonable steps to avoid imposing undue burden or expense" on a third party, the issuing court "*must* ... impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees" on the party or attorney responsible for the failure to do so.  FED. R. CIV. P. 45(d)(1) (emphasis added); *see also* 28 U.S.C. § 1927 (authorizing courts to award sanctions against counsel for unnecessary litigation).  Courts typically

undertake a two-part inquiry to determine whether sanctions are warranted under Rule 45(d)(1): "[i] whether the challenged subpoena imposed an undue burden or expense on the person(s) subject thereto; and [ii] if so, what, if any, 'reasonable steps' the subpoenaing party and its counsel took to avoid imposing such a burden." *Breaking Media, Inc. v. Jowers*, 2021 WL 1299108, at *7 (S.D.N.Y. Apr. 7, 2021).

"Sanctions are properly imposed and attorney's fees are awarded where, as here, the party improperly issuing the subpoena refused to withdraw it, requiring the non-party to institute a motion to quash." *Night Hawk*, 2003 WL 23018833, at *9 (awarding attorneys' fees incurred by party successfully moving to quash a non-party subpoena that sought irrelevant testimony as unduly burdensome pursuant to Rule 45). Courts have quashed subpoenas and awarded attorneys' fees when a non-party's request to voluntarily withdraw a subpoena due to privilege was refused. *Vasquez*, 2003 WL 548736, at *2-3 (imposing sanctions for lost wages and awarding attorneys' fees incurred in bringing motion to quash after attorney issuing subpoena refused to comply with non-party's request to voluntarily withdraw subpoena that sought privileged information); *see also Breaking Media, Inc. v. Jowers*, 2021 WL 1299108, at *8 (S.D.N.Y. Apr. 7, 2021).

Here, Weil and Paul, Weiss sent a joint letter to Reynolds' counsel stating the reasons why the subpoenas are improper and requesting that Reynolds voluntarily withdraw them. The letter explained that the subpoenas are improper because they seek privileged information and also impose an undue burden by seeking documents that Reynolds has already requested from Altria and non-party JUUL. Even after meeting-and-conferring with Altria's counsel, Reynolds refused to withdraw the subpoenas. Moreover,

14

Reynolds (and its counsel) have failed to discharge the burden imposed on them by the *Hickman* line of cases to provide an explanation of why they took the extraordinary step of subpoenaing law firms for information that has already been requested in ordinary discovery from those firms' client. Accordingly, this Court should award attorneys' fees and expenses for the costs incurred in moving to quash the subpoena.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant this motion, quash the subpoena to Paul, Weiss in its entirety, and award reasonable attorneys' fees and expenses incurred in connection with this motion.

Dated:  August 29, 2025                    */s/ Anish R. Desai*

                                           Anish R. Desai
                                           Elizabeth S. Weiswasser
                                           PAUL, WEISS, RIFKIND, WHARTON &
                                           GARRISON LLP
                                           1285 Avenue of the Americas
                                           New York, NY 10019
                                           Tel: (212) 373-3243
                                           Email: adesai@paulweiss.com
                                           Email: eweiswasser@paulweiss.com

                                           W. Sutton Ansley (*Pro Hac Vice* forthcoming)
                                           Amanda K. Branch (*Pro Hac Vice* forthcoming)
                                           PAUL, WEISS, RIFKIND, WHARTON &
                                           GARRISON LLP
                                           2001 K ST. NW
                                           Washington, DC 20006
                                           Tel: (202) 223-7300
                                           Email: sansley@paulweiss.com
                                           Email: mbranch@paulweiss.com

                                           *Counsel for Plaintiff*
                                           *Altria Client Services LLC*

## <u>CERTIFICATE OF COMPLIANCE</u>

In accordance with Local Civil Rule 7.1(c), I hereby certify that the foregoing Memorandum of Law in Support of Motion to Quash Subpoena Directed to Non-Party Paul, Weiss, Rifkind, Wharton & Garrison LLP is 3,791 words, exclusive of the caption, table of contents, table of authorities, signature block, and this certificate, as counted by the Microsoft Word word-processing system on which it was prepared. It therefore complies with the 8,750-word limit set by Local Civil Rule 7.1(c) and Rule 4(B) of the Court's Individual Rules & Practices in Civil Cases.

Dated:  August 29, 2025        /s/ Anish R. Desai
                                      Anish R. Desai